# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BROWN, | : |
| Plaintiff/ Counterclaim Defendant, | : |
| v. | : CIVIL ACTION |
| | : NO. 16-cv-2737 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | : |
| Defendant/ Counterclaim Plaintiff. | : |

## MEMORANDUM

**Joyner, J.**                                                     **May 2, 2018**

Presently before the Court is Defendant/Counterclaim Plaintiff Certain Underwriters at Lloyd's, London's ("Lloyd's") unopposed Motion for Partial Summary Judgment. (Doc. No. 59). For the following reasons, we GRANT Lloyd's Motion for Partial Summary Judgment.

## I. BACKGROUND

Plaintiff/Counterclaim-Defendant Corey Brown ("Brown") entered into an insurance policy, Policy No. DP10336 (the "Policy"), with Lloyd's to insure Brown's property located at 1220 S. 50th Street, Philadelphia, Pennsylvania (the "Property"). After a fire occurred at the Property on May 1, 2015, Brown sought to recover insurance proceeds from Lloyd's. Lloyd's refused, and Brown filed the instant lawsuit. Lloyd's filed various counterclaims against Brown, seeking to invalidate the Policy and hold Brown liable for

1

insurance fraud.

Following the close of discovery, Lloyd's filed a Motion for Partial Summary Judgment. Brown did not respond. By failing to do so, Brown did not dispute any of the facts that Lloyd's advances in its Motion, nor did he take issue with any of the documentary evidence and affidavits upon which Lloyd's relies.

**II. LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitle to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidentiary support upon which a reasonable juror could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the case under governing law. Id.

"A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identify those portions of the record that it believes demonstrate the absence of a genuine issue of material fact." Allstate Ins. Co. v. Jacobs, No. 07-cv-2715, 2008 WL 687091, at *1 (E.D. Pa. March 7, 2008) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the moving party meets this

2

initial burden, the non-moving party's response, "by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Despite a non-movant's unwillingness to defend against a motion for summary judgment, we address the merits of the motion and do not merely grant it as uncontested. Loc. R. Civ. P. 7.1; see also Jacobs, 2008 WL 687091, at *1.

## III. DISCUSSION

We are satisfied that Lloyd's has established the following facts, which constitute the gravamen of the claims at issue, are beyond a genuine dispute.

First, Lloyd's has established that Brown represented in his application for insurance that the Property would be occupied beginning on May 1, 2015. Brown similarly represented that a tenant had already signed a lease for a one-year term beginning on May 1, 2015. Brown supported these representations by providing Lloyd's with the signed lease that he referenced in his application. The signed lease identifies Judy Cooks as the future tenant.

There is no genuine dispute that Brown made these representations while knowing that they were false. Ms. Cooks testified at her deposition that she and Brown are former colleagues, that Brown asked if she would sign a lease for the Property, and that they agreed the purported lease would only be

3

used so that he could qualify for insurance from Lloyd's. Ms. Cook's testimony further shows that Brown never believed Ms. Cook's would occupy the Property or pay him under the terms of the purported lease. This testimony goes unrebutted because Brown refused to answer any questions on this subject at his deposition.[1] We are satisfied that no reasonable juror could find that Brown made the above representations to Lloyd's with the belief that they were true.

Second, we find that these misrepresentations were material to Lloyd's risk of insuring the Property. Information is "material" if it would influence the insurer in "estimating the degrees and character of the risk, or in fixing the premium rate." A.G. Allebach, Inc. v. Hurley, 540 A.2d 289, 295 (Pa. Super. 1988). The Policy included an "Occupancy Endorsement," which made occupancy an express condition for coverage. Moreover, Brown's insurance agent, Leonard Garza, provided an affidavit establishing that the purported lease with Ms. Cooks was necessary in order for Brown to obtain insurance from Lloyd's. This evidence establishes the materiality of Brown's representations.

Third, we find that Brown again made misrepresentations when he pursued his claim against Lloyd's to recover for the fire damage to the Property. In his Complaint, Brown represented that a tenant

---

[1] By our Order dated January 2, 2018, Brown is precluded from testifying at trial on this subject and any other subject that he refused to testify about at his deposition. (Doc. No. 58).

4

was scheduled to move into the property on May 1, 2015, and that because of the fire, he is entitled to damages for not be able to collect rent under the purported lessee. (Compl. ¶¶ 11, 13). As noted above, we are satisfied that these were misrepresentations.

With this factual predicate, we find it proper to grant Lloyd's the relief that it now seeks. As noted above, Lloyd's has moved for summary judgment with respect to Counterclaims II, III, and portions of IV.

In Counterclaim II, Lloyd's seeks a judgment declaring that Brown's Policy is void *ab initio*. Under Pennsylvania law, an insurance policy is void *ab initio* if the insurer can establish that the insured knowingly or in bad faith made a false representation that was material to the risk being insured. Royal Indemnity Co. v. Deli by Foodarama, Inc., No. 97-cv-1267, 1999 WL 178543, at *3 (E.D. Pa. March 31, 1999). We find that Brown knowingly misrepresented material facts regarding the risk being insured. Lloyd's is entitled to summary judgment on Counterclaim II. We therefore declare that the Policy is void *ab initio*.

In Counterclaim III, Lloyd's seeks a judgment declaring that Brown made fraudulent material misrepresentations in pursuit of this lawsuit. The Policy contains a "concealment or fraud" provision, which absolves Lloyd's from coverage "if, whether before or after a loss, one or more persons insured under this policy have (a) [i]ntentionally concealed or misrepresented any material fact

5

or circumstance; (b) [e]ngaged in fradulant conduct; or (c) [m]ade false statements relating to this insurance." We find that Brown misrepresented material facts while pursuing his claim against Lloyd's. Lloyd's is entitled to summary judgment on Counterclaim III. We therefore declare that Lloyd's has no legal responsibility to provide coverage to Brown under Policy No. DP10336.[2]

Lastly, in Count IV, Lloyd's seeks to impose liability on Brown under the Pennsylvania Insurance Fraud Statute ("PIFS"), 18 Pa.C.S.A. § 4117. In relevant part, the PIFS provides as follows:

> (a) Offense defined.--A person commits an offense if the person does any of the following:
> * * *
>    (2) Knowingly and with the intent to defraud any insurer or self-insured, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim.
> * * *
> (g) Civil action.--An insurer damaged as a result of a violation of this section may sue therefor in any court of competent jurisdiction to recover compensatory damages, which may include reasonable investigation expenses, costs of suit and attorney fees. An insurer may recover treble damages if the court determines that the defendant has engaged in a pattern of violating this section.

18 Pa.C.S.A. § 4117. Based on the facts established above, we are satisfied that Lloyd's is entitled to summary judgment on Brown's

---

[2] As noted above, Brown sued Lloyd's to recover insurance proceeds under the Policy after a fire occurred at the Property. Because we hold that the Police is void *ab initio*, and alternatively because we hold that Brown's breach of the "concealment and fraud" absolves Lloyd's of liability to cover Brown for his loss, we also grant summary judgment to Lloyd's on Brown's claim.

6

liability under 18 Pa.C.S.A. § 4117(a)(2).[3]  The record clearly shows that Brown intended to defraud Lloyd's by claiming a loss under a sham lease.  Pursuant to the PIFS, the Court will therefore award Lloyd's compensatory damages, which will include Lloyd's costs for a reasonable investigation, the costs of suit and reasonable attorney's fees.[4]

**CONCLUSION**

For the foregoing reasons, we GRANT Lloyd's Motion for Partial Summary Judgment.  We will determine Lloyd's compensatory damages and Brown's liability for treble damages under 18 Pa.C.S.A. § 4117(g) at a future hearing.  An appropriate Order follows.

---

[3] Lloyd's asks for us to find that Brown also violated 18 Pa.C.S.A. § 4117(a)(3) by conspiring with another to make a false statement "in connection with, or in support of, a claim."  While Brown and Ms. Cooks clearly acted in concert to misrepresent facts in Brown's application, Lloyd's has not established that Ms. Cooks had the shared purpose of misrepresenting facts in Brown's later claim for damages.

[4] Lloyd's also pursues treble damages under 18 Pa.C.S.A. § 4117(g) based on allegations that Brown has a pattern of violating the PIFS.  This claim will be determined at the future hearing.  See 18 Pa.C.S.A. § 4117(g) ("An insurer may recover treble damages if the court determines that the defendant has engaged in a pattern of violating this section.").

7